NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RONALD A. BIBBO, et al., | : | CIVIL ACTION NO. 14-7162 (MLC) |
| Plaintiffs, | : | **MEMORANDUM OPINION** |
| v. | : | |
| ENGINEERED ENERGY SOLUTIONS, LLC, et al., | : | |
| Defendants. | : | |

**THE PLAINTIFFS** — Ronald A. Bibbo, Susan Decker Bibbo, and Shoppun's Run, LLC ("SRLLC") — brought this action in state court to recover damages for breach of contract against the defendants, Engineered Energy Solutions, LLC ("EESLLC") and Patrick McClave.  (See dkt. entry no. 1-1, Compl.)  The complaint states that the defendants violated the terms of an "Advisory and Consulting Agreement" ("ACA") and a separate "Professional Service Agreement" ("PSA") entered into between SRLLC and EESLLC.  (Id. at 2–4.)  The plaintiffs did not annex copies of the ACA and the PSA as exhibits to the complaint for the Court's review.

**THE DEFENDANTS** subsequently removed the action to federal court.  (See dkt. entry no. 1, Notice of Removal.)  The defendants now move to dismiss the complaint for failure to state a claim.  (See dkt. entry no. 6-1, Defs. Br.)  The defendants have not filed copies of the ACA and the PSA as exhibits for the Court's review, even though they: (1)

refer to specific portions of the ACA and the PSA in support of the motion; and (2) acknowledge that the Court has not been provided with copies of the ACA and the PSA. (See id. at 2–3, 8–9; see also dkt. entry no. 8, Defs. Reply Br. at 4–5, 7–8.)

**THE COURT** will address the motion without oral argument. See L.Civ.R. 78.1(b).

**THE COURT** will not decide a motion to dismiss breach-of-contract claims when all parties have failed to submit copies of the contracts at issue for the Court's review. See Carpenters Combined Funds v. Lyons Contracting, No. 09-842, 2009 WL 3874344, at *4–5 (denying motion to dismiss centered on an agreement because "[a]lthough relied upon and quoted, the parties' Agreement was attached to neither the Complaint nor the Motion nor the . . . Brief in Opposition", and thus "[w]ithout the necessary information, the Court cannot determine whether the . . . claim should be dismissed"); Bivens v. Taylor, Wiseman & Taylor, 511 F.Supp.2d 452, 458 (D.N.J. 2007) (denying motion for summary judgment on a contract claim because "both parties failed to provide the Court with important parts of the two contracts" concerning "information about the work [one party] agreed to perform for [the other party] under the respective contracts").

**THE COURT**, in view of the inherent power to control the docket, thus intends to: (1) deny the motion without prejudice; and (2) order the plaintiffs to file an amended complaint by January 5, 2015. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Rolo v. Gen. Dev. Corp., 949 F.2d 695, 702 (3d Cir. 1991). The plaintiffs, when filing the

amended complaint, will: (1) annex copies of the entire ACA and the entire PSA as exhibits; and (2) cite the provisions of the ACA and the PSA that support the claims asserted in the amended complaint.

**IF THE PLAINTIFFS** fail to comply with this order by January 5, 2015, then the Court will dismiss all of the claims and terminate the entire action.  If the plaintiffs file an amended complaint, then the defendants may move again to dismiss, if appropriate.  The plaintiffs may file an amended complaint without moving for leave to do so before the Magistrate Judge.

**FOR GOOD CAUSE APPEARING**, the Court will issue an appropriate order.


    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:  December 12, 2014